*E-FILED - 4/21/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN GAGO DE MEDEIROS,<br><br>    Petitioner,<br><br> vs.<br><br>SUPERIOR COURT,<br><br>    Respondent. | No. C 10-5385 RMW (PR)<br><br>ORDER GRANTING MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF TRANSFER<br><br>(Docket Nos. 3, 6.) |

Petitioner is a federal detainee subject to removal proceedings and currently incarcerated at CCA Eloy Detention Center in Eloy, Arizona. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention which is premised upon an allegedly invalid 1995 state conviction. Petitioner's motions for leave to proceed in forma pauperis are GRANTED. For the reasons stated below, the court does not have jurisdiction to adjudicate this matter, and TRANSFERS this case to the United States District Court of Arizona.

Generally, 28 U.S.C. § 2241 is the proper basis for a habeas petition by a state prisoner who is not held "pursuant to the judgment of a State court," 28 U.S.C. § 2254, for instance a pre-trial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. See Hoyle v. Ada County, 501 F.3d 1053, 1058 (9th Cir. 2007) (pre-trial double jeopardy challenge); White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004) (listing "awaiting extradition" and pretrial detention as examples of when § 2241 applies). In this case, petitioner's

1  habeas petition must be transferred because jurisdiction does not lie in this district.  Section 2241
2  allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant
3  writs of habeas corpus "within their respective jurisdictions."  28 U.S.C. § 2241(a).  The court
4  has interpreted the "within their respective jurisdictions" language of § 2241 to mean nothing
5  more than that the court issuing the writ must have jurisdiction over the custodian.  Rumsfeld v.
6  Padilla, 542 U.S. 426, 440-442 (2004).  As to challenges under section 2241 to present physical
7  confinement, this is not synonymous with any district in which the respondent is amenable to
8  service of process. Id. at 442-44.  "[F]or core habeas petitions challenging present physical
9  confinement, jurisdiction lies in only one district:  the district of confinement."  Id. at 442-43.
10 Because petitioner is currently being housed in Arizona, the Clerk of the Court shall
11 TRANSFER the entire file to the United States District Court for the District of Arizona.

    IT IS SO ORDERED.

DATED: 4/21/11

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Motions for Leave to Proceed In Forma Pauperis; Order of Transfer
P:\PRO-SE\SJ.Rmw\HC.10\Medeiros385trans.wpd    2